RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 5/26/15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JONATHAN P. QUINN (#549316) | DOCKET NO. 15-CV-601; SEC. P |
| VERSUS | JUDGE DRELL |
| CCA, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Jonathan P. Quinn filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 13, 2015. He was granted leave to proceed in forma pauperis on April 13, 2015. [Doc. #6] Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC), and he is incarcerated at the Winn Correctional Center (WNC) in Winnfield, Louisiana. Plaintiff names as defendants Corrections Corporation of America and Rashonda Powell. He claims that Powell failed to protect him from harm inflicted by another inmate, and he seeks monetary compensation from CCA for Powell's action/inaction.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Plaintiff's Allegations*

Plaintiff alleges that on September 23, 2014, he was attacked by another inmate with a knife. He ran to the entrance/exit door and attempted to get the attention of Defendant Rashonda Powell, who was holding a conversation with someone and never noticed Plaintiff. [Doc. #1, p.3] The assailant attacked Plaintiff again.

Plaintiff goes on to state that, after he and the assailant were released from lockdown, they were placed in the same unit, but came together and decided to "let the altercation go." [Doc. #1, p.3-4]

### Law and Analysis

Federal courts are courts with limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress. See Johnson v. United States, 460 F.3d 616, 621 n.6 (5th Cir. 2006). The Supreme Court has held that many acts that might constitute a violation of state tort law do not amount to federal violations. See Baker v. McCollan, 443 U.S. 137, 146 (1979); see also Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). In this Circuit, to maintain a civil rights lawsuit, a plaintiff must allege an abuse of governmental power that rises to a constitutional level. See Love v. King, 784 F.2d 708, 712 (5th Cir. 1986); Williams v. Kelley, 624 F.2d 695, 697 (5th Cir.1980), cert. denied, 451 U.S. 1019, 101 S.Ct. 3009, 69 L.Ed.2d 391 (1981).

For an inmate to state a constitutional claim of failure to prevent harm, he must allege that (1) he was incarcerated under conditions posing a substantial risk of serious harm, and (2) the prison official was "deliberately indifferent" to his health or safety. A prison official is "deliberately indifferent" to a risk when he "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). To "know

of" a risk, an official must be subjectively aware of the risk to Plaintiff: that is, the official must both be aware of facts from which the inference could be drawn that Petitioner faces a substantial risk of serious harm, and he must also draw the inference. Farmer, 511 U.S. at 837; see also Adames v. Perez, 331 F.3d 508, 512 (5th Cir. 2003).

Plaintiff has not alleged deliberate indifference by Defendant Powell. A prison official is "deliberately indifferent" to a risk when he "knows of and disregards an excessive risk to inmate health or safety." Farmer at 837. To "know of" a risk, an official must be "subjectively aware" of the risk: that is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837; see also Adames v. Perez, 331 F.3d 508, 512 (5th Cir. 2003). The deliberate indifference standard is "an extremely high standard to meet." Domino v. Tex. Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). The Fifth Circuit has declined to find deliberate indifference where an official "should have" inferred a risk posed to an inmate. Adames, 331 F.3d at 514; see also Farmer, 511 U.S. at 838; Hare v. City of Corinth, Miss., 74 F.3d 633, 650 (5th Cir. 1996) (en banc). Plaintiff specifically claims that Powell **did not see him** at the door because she was engaged in a conversation. He does not claim that she saw him and deliberately ignored him. He alleges

negligence, at best, not deliberate indifference by Defendant Powell.

Although Plaintiff and the assailant were placed in the same unit after being released from lock-down, he specifically states that they were able to put their differences aside and move past the incident. He does not claim to have been injured by the assailant since then.

Plaintiff's claim against CCA fails, as well. A private corporation is not vicariously liable under §1983 for its employees' deprivations of others' civil rights. Rosborough v. Mgmt. & Training Corp., 350 F.3d 459, 461 (5th Cir. 2003). Plaintiff has not presented allegations of involvement by CCA nor does he identify an unconstitutional policy implemented by CCA that causally resulted in Plaintiff's injuries. See Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 508 U.S. 951 (1993).

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915(e)(2)(B).

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days

from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of May, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE